```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HEARTLAND PAYMENT SYSTEMS, INC.,
                          Plaintiff(s),              REPORT AND
                                                     RECOMMENDATION
              -against-                              CV 10-1740 (ADS) (WDW)
VISIT PREMIERE ONLINE, LLC, and
VINCENT CAMPANELLA,
                          Defendant(s).
----------------------------------------------------------X
```
**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from District Judge Spatt is the determination of damages to be awarded on the default of the defendants. For the reasons set forth herein, I recommend that the plaintiff, Heartland Payment Systems, Inc. ("Heartland"), be awarded $88,995.90 in damages, with post-judgment interest at the prevailing rate, along with attorneys fees in the amount of $3,632.50 and costs in the amount of $749.37, with the corporate and individual defendants jointly and severally liable.

## BACKGROUND

The lawsuit was filed in April 2010. DE[1]. The Complaint alleges that the plaintiff, Heartland, provides bankcard payment processing services to merchants, and that, in October 2008, the defendants completed a merchant services application ("the Application") and enrolled with Heartland for Heartland to provide credit processing services to defendant Visit Premiere. Complaint, DE[1], ¶8; and Ex. A. The Application described the provided services as "trade publication listings." *Id.* ¶9. The Complaint alleges that by completing the Application, Visit Premiere "obligated itself to the terms and conditions of the merchant processing agreement (the"Agreement)." *Id*. ¶10, Ex. B. In the Application, defendant Campanella provided a personal guarantee to Heartland for payment of obligations arising out of the Agreement. *Id.* ¶11.

The Agreement defines a "chargeback" as "the procedure by which (i) a sales Transaction (or disputed portion thereof) is returned to [Heartland] by a Card Issuer because such item does not comply with the Card Issuer's applicable rules or operating regulations or for any other reason as provide[d] in this Agreement and (ii) the Merchant's Account is debited for such return." *Id*. ¶12. In the Agreement, Visit Premiere agreed to pay Heartland any fees or fines imposed as a result of chargebacks, to timely notify Heartland of chargebacks, to be solely responsible when it failed to provide timely information regarding chargebacks, to reimburse Heartland for the amount of any sales draft in the event of a chargeback, and to pay a handling fee for each chargeback. *Id*. ¶¶13-16. According to the plaintiff, it processed all requests for sales drafts and chargebacks and gave Premiere prompt notice of requests and chargebacks. *Id.* ¶17.

The Agreement defined events amounting to default, including "irregular activities in [Premiere's] account, including excessive Chargebacks or any other circumstances which, in the sole discretion of the Plaintiff, may increase the risk of Chargebacks or otherwise present a financial or security risk" to Heartland. *Id.* ¶18. Upon the occurrence of a default, all amounts payable became "immediately due and payable in full without demand or other notice of any kind. . ." *Id.* ¶19. The plaintiff alleges, in the Complaint[1] and in the two Declarations by Anne Gordon, that, since August 2009, it has incurred sales drafts for chargebacks in the amount of $88,995.90 and that neither Premiere nor Campanella has paid the amounts due. Thus, Heartland seeks that amount as default damages.

---

[1]The Complaint and the first Gordon Declaration state the amount owing as $85,270.05, but the second Gordon Declaration amends that amount to $88,995.90 based on additional chargebacks that came to light after the Complaint and motion were filed. *See* DE[13]

It also seeks an award of $3,632.50 in attorneys fees and $749.37 in costs, relying on a section of the Agreement providing that the prevailing party in a dispute arising thereunder is entitled to an award of reasonable attorney's fees, court costs and expenses. *See* Complaint, Ex. B, §15.8.

The defendants have not filed an answer, nor have they opposed the motion for a default judgment or entered any objection to the amounts sought. Judge Spatt entered a default against the defendants on February 9, 2011 and referred the determination of damages to me.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant must prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Detailed affidavits and other documentary evidence can provide this basis. *See, e.g., Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991). Here, the plaintiff has submitted declarations from Anne Gordon, Executive Director of Heartland Service Center Operations, and from David A. Blansky, the plaintiff's attorney.

Having reviewed those declarations and the documentation annexed to them, I recommend that the plaintiff be awarded $88,995.90 in damages. I also recommend an award of attorneys fees in the amount of $3,632.50 and costs in the amount of $749.37, for a total of of $4,381.87. As noted, the Agreement provides for recovery of reasonable attorneys fees. When assessing the reasonableness of legal fees, the court must determine the "presumptively reasonable fee" for an attorney's services by looking to what a reasonable client would be willing to pay, keeping in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.,* 575 F.3d 170, 174 (2d Cir. 2009). To calculate the presumptively reasonable fee, the court must first determine a reasonable hourly rate for the legal services performed. *Id.* Reasonable hourly rates in attorney fee awards are determined with reference to a number of factors, including but not limited to those factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).[2] *See Arbor Hill*, 522 F.3d at 186-87, 190. Those factors are to be considered within the context of the relevant legal "community," traditionally defined as "the district where the district court sits." *Arbor Hill,* 522 F.3d at 190 (internal citation omitted).

Here, the plaintiffs seek $3632.50 in attorneys fees, based on charges of $375 per hour for partner time and $100 per hour for paralegal time. *See* Blansky Decl., Ex.C. I find that those

---

[2] The *Johnson* factors, as articulated by the court in *Arbor Hill*, are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitation imposed by the client or the circumstances; (8) the amount involved in the case and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." 522 F.3d at 186, n.3 (citing *Johnson,* 488 F.2d at 717-19).

rates are reasonable for work in the Eastern District and that the number of hours expended is also reasonable. Thus, I recommend an award of the amount sought.

Finally, I recommend that defendant Vincent Campanella is individually liable, along with the corporate defendant Premiere, for the damages, attorneys fees and costs awarded. In the Application, Campanella provided a personal guarantee to Heartland for payment of obligations arising out of the Agreement. *See* Complaint, ¶11 & Ex. A. The section captioned "Personal Guaranty" was signed by Campanella on October 30, 2008, and provided that he would be responsible for "the full and prompt payment when due of all obligations of every kind and nature arising directly or indirectly out of the Agreement." He is bound by that guaranty.

**OBJECTIONS**

A copy of this Report and Recommendation is being sent to counsel for the plaintiff by electronic filing on the date below. Plaintiff's counsel is directed to serve a copy of this Report on the defendants by certified mail, return receipt requested, and to fax a copy of it if possible, and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
April 7, 2011

    /s/ William D. Wall
    WILLIAM D. WALL
    United States Magistrate Judge