**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
HEARTLAND PAYMENT SYSTEMS, INC.,

                                                   **ORDER**
                    Plaintiff,      10-CV-1740 (ADS) (WDW)


        -vs.-

VISIT PREMIERE ONLINE, LLC and VINCENT
CAMPANELLA,
                                 Defendants.


------------------------------------------------------------X
**APPEARANCES:**

**LaMonica Herbst & Maniscalco LLP**
*Attorneys for the plaintiffs*
3305 Jerusalem Avenue
Wantagh, NY 11793
        By:  David A. Blansky, Esq., Of Counsel

**APPEARING ONLY IN DAMAGES PHASE:**

**Spiegel & Utrera, P.A., P.C**
*Attorneys for the defendants*
1 Maiden Lane, 5th Floor
New York, NY 10038
        By:    Russell D. Williams, Esq., of Counsel

**SPATT, District Judge.**

On April 20, 2010, the plaintiff commenced this action against the defendants seeking

monetary damages based on theories of breach of contract, account stated, and unjust

enrichment.  On February 9, 2011, the Court entered a default judgment against the defendants

Visit Premiere Online, LLC and Vincent Campanella, and referred the matter to United States

Magistrate William D. Wall for an inquest as to damages, including reasonable attorneys' fees

and costs.  On April 7, 2011, Judge Wall issued a Report recommending that the plaintiff be

awarded damages in the amount of:

• $88,995.90 in damages; and

• $4,381.87 in attorneys' fees and costs.

On April 26, 2011, the defendants appeared for the first time and filed an objection to Judge Wall's Report, asserting that the plaintiff had not substantiated the damages it claimed, and contending that an evidentiary hearing was required to determine appropriate damages.  The plaintiff did not respond to this objection.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The Court has reviewed Judge Wall's Report and the defendants' objection, and finds that it is appropriate to modify Judge Wall's Report to award the plaintiff:

• $85,270.05 in damages; and

• $4,381.87 in attorneys' fees and costs.

The plaintiff alleges in its complaint that the defendants failed to make numerous payments to them that were owed under a contract between the plaintiff and the defendants. Consistent with this, the plaintiff's complaint expressly sets forth unpaid debts of $85,270.05. Because the defendants are in default in this case, those allegations—including the specific allegations of the amount owed by the defendants—are now accepted as proven.  In short, the plaintiff sought a sum certain in its complaint, and is not required to offer further evidence in support of a damages award.  See, e.g., Saunders v. Morton, 269 F.R.D. 387, 393 (D. Vt. 2010). The defendants' objection to this portion of the damages award is therefore denied.

However, after the Court entered the default judgment, and pending the issuance of Judge Wall's Report, the plaintiff submitted the affidavit of Anne Gordon, an employee of the plaintiff, dated March 18, 2011.  In that affidavit, Ms. Gordon asserted that the defendants owed the

plaintiffs an additional sum of $3,724.95, based on failures to pay that were similar to those alleged in the complaint.  While Judge Wall awarded the plaintiff the additional damages based on this affidavit, these damages were not actually listed in the plaintiffs' complaint.  Rather, they were based solely on failures to pay asserted in Ms. Gordon's affidavit.  As such, these subsequent alleged failures to pay are outside of the complaint and not accepted as proven.  The Court therefore concludes that the plaintiff was not entitled to additional damages based on Ms. Gordon's March 18, 2011 affidavit.  The plaintiffs are not barred by this decision from seeking those damages in an amendment in this action or in a subsequent action.

Therefore, it is hereby

**ORDERED** that Judge Wall's Report and Recommendation is adopted in part and modified in part as set forth above; and it is further

**ORDERED** that the Clerk of the Court is directed to enter a default judgment against the defendants in the amount of $85,270.05 in damages, plus $4,381.87 in attorneys' fees and costs; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to close this case within ten days of the date of this Order, unless a motion is made by the plaintiff to amend its complaint to seek the additional $3,724.95.

**SO ORDERED.**

Dated: Central Islip, New York
September 8, 2011

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge